UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| HUBERT P. VIDRINE, JR., ET AL. | : | DOCKET NO. 07-1204 |
| VS. | : | JUDGE DOHERTY |
| UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Currently before this court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 22] pursuant to Fed. R. Civ. Proc. 12(b)(1) filed on behalf of defendant, the United States of America. This motion seeks to dismiss five of the seven causes of action included in the complaint filed by plaintiffs, Hubert and Tammy Vidrine. The five causes of action at issue are 1) assault and battery, 2) false arrest, 3) abuse of process, 4) intentional infliction of emotional distress, and 5) defamation. Specifically, defendant contends that the first four of the complaints should be dismissed as untimely and the fifth should be dismissed as not being a viable claim.[1]

**I.**

The facts relevant to the determination of this Motion are undisputed. Plaintiffs seek damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et. seq.* and 28 U.S.C. § 1346(b)(1). The claims are based on the actions of investigative and law enforcement officers of the U.S. Government alleged to have occurred while acting in the scope of their

---

[1] Not at issue in defendant's motion are two other claims made in plaintiff's complaint. Those claims are for malicious prosecution and conspiracy. Those claims are not discussed in this Memorandum Ruling.

1

employment. Specifically plaintiffs claim that on September 5, 1996, agents of the Federal Bureau of Investigation, the Environmental Protection Agency, the United States Marshal Service, the United States Coast Guard, and the Louisiana State Police executed a search warrant on Canal Refining Company, a facility for which Mr. Vidrine acted as manager. On December 14, 1999, Mr. Vidrine was indicted on one count of knowingly storing hazardous waste on the property of Canal Refining Company in violation of 42 U.S.C. § 6928(d)(2). Shortly after his indictment, Mr. Vidrine was taken into custody and subsequently released on bond. On September 17, 2003, the Government filed a motion to voluntarily dismiss the indictment against Mr. Vidrine, which motion was granted on September 18, 2003.

On September 15, 2005, plaintiffs filed an administrative claim as they are required to do by 28 U.S.C. § 2675. According to plaintiffs' complaint there was no disposition of the administrative claim at the time this proceeding was filed on July 23, 2007. Defendant does not deny this allegation; accordingly, the failure of the agency to make a final disposition within six months after it was filed shall be deemed a final denial of the claim. 28 U.S.C.A. § 2675.

## II.

Defendant asks this Court to dismiss five of the seven alleged causes of action for lack of subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1). "The district court 'has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 2008 WL 2514645, *3 (5th Cir. 2008), quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). When the issue is raised, the

party seeking to maintain federal jurisdiction bears the burden of proof. *Id.*, citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) and *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Through passage of the FTCA, the United States Government consented to a limited waiver of its sovereign immunity and granted Federal District Courts exclusive jurisdiction over claims for:

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). One exception to the waiver of immunity is that a claim must be presented in writing to the appropriate Federal agency within two years after that claim accrues. 28 U.S.C. § 2401(b). This time limitation is jurisdictional. *Johnston v. United States*, 85 F.3d 217, 219 (5th Cir. 1996) citing *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902, n.2 (5th Cir. 1987). Because the limitation is an exception to the United States' waiver of immunity, it must be construed strictly in the Government's favor. *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993), citing *Atorie Air v. F.A.A.*, 942 F.2d 954, 958 (5th Cir. 1991).

As noted earlier, the FTCA allows a cause of action against an employee of the Government who "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "While substantive state law determines whether a cause of action exists, federal law determines when that claim accrues." *Id.* citing *Quinton v. United States*, 304 F.2d 234, 235 (5th Cir. 1962). According to federal law, accrual of a cause of action occurs when the plaintiff "'knows or has reason to know of the injury which is the basis of the action.'" *Moore v. McDonald*, 30 F.3d 616, 620-21 (5th Cir. 1994),

3

quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). In other words, when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury, the statute of limitations begins to run. *Id.*; *see also Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). According to the Fifth Circuit in *Piotrowski,* "[a] plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." 51 F.3d 512, 516 (5th Cir. 1995), citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). "Moreover, a plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Id.* (citing *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988). Thus, a plaintiff is charged with the responsibility to exercise due diligence in investigating and pursuing his or her claim.

### III.

Defendant, in its motion before us, urges this court to find that plaintiffs' assault and battery, false arrest, abuse of process, and intentional infliction of emotional distress claims are barred for failure to pursue them within two years of the circumstances from which they arose. Plaintiffs respond in their opposition that they withdraw their reliance on two of the allegedly time-barred claims, assault and battery and abuse of process. As plaintiffs have not amended their complaint we consider those claims as well.

### A.
### Assault and Battery

Under tort Louisiana law, "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact, is a battery." *Caudle v. Betts*, 512 So.2d 389, 391 (La. 1987). "Assault is, speaking generally, threat of a battery. . . . An assault is a threat of such harmful or offensive contact." *Fournette v. Tran*, 792 So.2d 870, 873 (La. App.

4

4th Cir. 2001), citing *Lawson v. Straus*, 673 So.2d 223 (La. App. 4th Cir. 1996) and *Brown v. Diversified Hospitality Group*, 600 So.2d 902 (La. App. 4th Cir. 1992).

According to defendant's motion, only two situations alleged in plaintiffs' complaint could potentially support a claim of assault and battery. Those actions occurred September 5, 1996 (the day of execution of the search warrant) and December 14, 1999 (the day of Vidrine's arrest). Defendant suggests that the limitation period for the assault and battery claim began to run when plaintiffs knew or had reason to know of the injury that forms the basis of their complaint and plaintiffs knew in 1999 that a search had occurred and that Mr. Vidrine had been arrested. Defendant suggests this court has no jurisdiction to consider a claim of assault and battery as plaintiffs did not file their administrative claim until 2005, well more than two years after the events about which they complain.

Plaintiffs make no argument that other instances support a claim of assault and battery and have expressed no need or desire to amend their complaint to expand their allegations. Further we find defendant's position to be sound. Accordingly, it is recommend that plaintiffs' claim of assault and battery against defendant be dismissed with prejudice for lack of subject matter jurisdiction as it is time barred under the two year statute of limitations contained in the FTCA. 28 U.S.C. § 2401(b).

**B.**
Abuse of Process

The essential elements of the tort of abuse of process under LA. CIV.CODE ART. 2315 are (1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding. *Succession of Cutrer v. Curtis,* 341 So.2d 1209 at 1213-14 (La.App. 1st Cir.1976), *writ denied,* 343 So.2d 201 (La.1977). "Regular use of process

5

cannot constitute abuse, even though the user was actuated by a wrongful motive, purpose, or intent, or by malice." *Waguespack, Seago and Carmichael v. Lincoln* 768 So.2d 287, 292 (La. App. 1st Cir. 2000), citing *Mini-Togs, Inc. v. Young*, 354 So.2d 1389 at 1390 (La. App. 2nd Cir. 1978).

Defendant suggests in its memorandum that any action that could serve as the basis of an abuse of process claim took place before institution of the criminal proceeding against plaintiffs between 1996 and 1999. This would have been well before the two year limitation period discussed above. After 1999, the Government participated in a "regular use of process," the criminal proceeding, and therefore could not be subject to a claim for abuse of process. Defendant further argues that a federal prosecutor is not subject to claims for intentional torts as an investigative or law enforcement officer under the FTCA, citing U.S.C. § 2680(h) and *Bounds v. United States District Court*, 2007 WL 1169377, *7 (W.D. La. 2007).

Plaintiffs offer no argument in their memorandum to refute the position of the Government in its memorandum, a position we find well-founded. In fact plaintiffs state that they "are withdrawing reliance" on this claim. Accordingly, it is recommended that plaintiffs' claim of abuse of process against defendant be dismissed with prejudice for lack of subject matter jurisdiction due to the two year limitation contained in the FTCA. 28 U.S.C. § 2401(b).

## C.
### False Arrest

The tort of false arrest under Louisiana law occurs "when one arrests and restrains another against his will and without statutory authority." *Kennedy v. Sherriff of East Baton Rouge*, 935 So.2d 669, 690 (La. 2006). Defendant argues that the limitation period for this claim

6

began to run either when there was a search on September 5, 1996, or when the purported false arrest occurred following Mr. Vidrine being charged on December 14, 1999.

Plaintiffs suggest in their opposition that Fifth Circuit jurisprudence holds as follows: when a claim of malicious prosecution is made in conjunction with a claim for false imprisonment, the limitation period for the latter does not begin to run until the limitation period begins for the former. Plaintiffs cite as authority *Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir.1995) and *Price v. City of San Antonio*, 431 F.3d 890, 894 (5th Cir.1995) each of which in turn rely on *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364 (1994).

Perhaps anticipating the defendant's response, plaintiffs argue in their footnote 3 that *Wallace v. Kato*, 127 S. Ct. 1091 (2007), discussed more full below, did not overrule *Heck* nor did it "abrogate the existing rule historically followed by the Fifth Circuit that when false arrest claims are paired with those for malicious prosecution the two claims accrue at the same time." Doc. 32, p. 6, fn. 3. After careful analysis of *Heck* and *Wallace*, we find petitioners' position to be incorrect.

The United States Supreme Court granted certiori in *Wallace* to answer the very question being posed here: when the limitation period for a claim for false arrest begins to run. In *Wallace*, the plaintiff filed a claim under 42 U.S.C. § 1983 alleging his civil rights were violated when he was arrested in 1994 on a charge of murder. 127 S.Ct. at 1094. Plaintiff ultimately confessed to the crime and was convicted of first degree murder but the charge was overturned by the Illinois appellate court that found the initial arrest to have been without probable cause and the resulting confession to be inadmissible. *Id.* In February of 2002 the prosecutor chose to not go forward with charges against the plaintiff. *Id.*

Plaintiff filed his 1983 action in 2003. The Supreme Court concluded that the petition was not timely, specifically holding that false imprisonment, a tort that overlaps with false arrest, ends once a victim becomes held pursuant to a legal process, i.e. is bound over by a magistrate or is arraigned on charges. 127 S.Ct. at 1096. Thereafter the tort, if one exists, becomes one of malicious prosecution. A claim of false arrest will cover only that period of time from the time of the arrest until the legal process begins. *Id.* The *Wallace* court stated its holding succinctly:

> We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.

127 S.Ct. at 1100.

After reaching its conclusion the Supreme Court discussed the extent to which *Heck* should call for a different result, or not. The *Wallace* Court began its inquiry by noting that the issue in *Heck* was whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983 by bringing an action for wrongful imprisonment occasioned by a conviction that had not been overturned. The issue in *Heck* was whether a cause of action existed at all, not the timeliness of that action.

The *Heck* Court first referred to state (Indiana) law to find the most analogous tort remedy and settled upon malicious prosecution. "The common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here because, unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process." 512 U.S. at 484, 114 S.Ct. at 2371. As explained in *Wallace*, the *Heck* court proceeded then to note that an element that must be alleged in a malicious prosecution suit is termination of the previous criminal proceeding in a manner

8

favorable to plaintiff and that there exists no viable claim under § 1983 absent that favorable termination. 127 S.Ct. at 1097, citing *Heck v. Humphrey,* 512 U.S. at 486-487.

After noting legal authority that persuasively argues against allowing collateral attack of criminal convictions in a civil proceeding (and concluding that allowing a 1983 action for false imprisonment resulting from wrongful conviction absent a reversal of that conviction would be such a collateral attack), the *Heck* court held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-487, 114 S.Ct. at 2372 (footnote omitted).

The *Wallace* Court went further to show that the "*Heck* rule for deferred accrual" applies only to a cause of action that emanates from a sentence or conviction that has not yet been invalidated. 127 S.Ct. at 1097. The *Wallace* court noted that the plaintiff there, who sought to tie the commencement of the limitation period for false arrest with that for wrongful imprisonment stemming from an invalid sentence or conviction, sought "adoption of a principle that goes well beyond *Heck.*" 127 S.Ct. at 1098. The Court states:

> We are not disposed to embrace this bizarre extension of *Heck.* If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. See *id.,* at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff

>is ultimately convicted, and if the stayed civil suit would impugn that
>conviction, *Heck* will require dismissal; otherwise, the civil action will
>proceed, absent some other bar to suit. *Edwards v. Balisok,* 520 U.S. 641,
>649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck,* 512 U.S., at 487, 114
>S.Ct. 2364.

127 S.Ct. at 1098.

Plaintiffs are correct that the Fifth Circuit has twice cited *Heck* for the proposition that the limitation periods for claims for false arrest and malicious prosecution run concurrently, doing so first in *Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir.1995) and then in *Price v. City of San Antonio*, 431 F.3d 890, 894 (5th Cir. 1995). To the extent these cases so hold and to the extent those holdings rely on *Heck*, it is our opinion that they have been abrogated by the Supreme Court's ruling in *Wallace v. Kato*, supra.[2]

For reasons set forth above, it is recommended that plaintiffs' claim of false arrest against the defendant be dismissed with prejudice for lack of subject matter jurisdiction due to the two year limitation contained in the FTCA. 28 U.S.C. § 2401(b).

## D.
### Intentional Infliction of Emotional Distress

Three elements must be present before a plaintiff may recover damages based on a claim of intentional infliction of emotional distress in Louisiana. "[I]n order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe

---

[2] A similar conclusion was reached by the Southern District of Texas's similar holding in *Lopez v. Unknown Galveston Police Officer No. 1*, 2007 WL 1108736, *5-*6 (S.D. Tex. 2007).

emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991).

According to defendant, "since Vidrine failed to submit an administrative claim until September 15, 2005, any claim for intentional infliction of emotional distress that accrued before September 15, 2003 is untimely." Doc 22, Att. 1, p. 10. Defendant further notes, "the only activity described by Vidrine in his complaint that occurred after September 15, 2003 is the filing of a motion to dismiss the indictment" against Vidrine, an action that does not meet the elements of the claim. See Doc. 22, Att. 1, p. 10.

Plaintiffs, in response, point out that defendant fails to cite any cases that define when this tort accrues. Plaintiffs assert that this Court should look to state law for resolution and that by so doing we will find that Louisiana courts have found instances of intentional infliction of emotional distress to be continuous in nature, a cause for which prescription does not begin to run until the continuous cause has abated. *Bustamento v. Tucker*, 607 So.2d 532 (La. 1991). Plaintiffs go on to argue:

> In this case, the Government does not claim that the conduct of its agents that occurred prior to September 15, 2003, cannot constitute intentional infliction of emotional distress under the law of Louisiana. It only claims that "Vidrine does not allege any facts in his complaint that give rise to a claim for intentional infliction of emotional distress that accrued after September 15, 2003." In this case, just like the ones noted above, the alleged wrongful conduct of the Government agents was a continuous tort – one that continued up to the date that they dismissed their unfounded charges.

Doc 32, p. 8.

Plaintiff s are correct that Louisiana law does recognize that some torts are continuous in nature and that "[w]hen the tortious conduct and resulting damages continue, prescription does

11

not begin until the conduct causing the damage is abated." *South Central Bell Telephone Co. v. Texaco, Inc.* 418 So.2d 531, 533 (La.1982). Nevertheless, plaintiff's complaint fails to allege a pattern of conduct or a continuous harm that could conceivably constitute a continuous tort. Plaintiffs allege only two discrete events that occurred at definite certain times, neither of which are within the applicable limitation period.

We find the case of *Brown v. Nationsbank Corp.*, 188 F.3d 579 (5th Cir. 1999), to be analogous. In that case, plaintiffs asserted a cause of action under FTCA for intentional infliction of emotional distress resulting from an undercover "sting" operation. 188 F.3d at 585. The plaintiffs alleged that specific instances of conduct occurred during August and September of 1993. *Id.* at 584. A one-count indictment was filed against one plaintiff in August 1994, but the case was eventually abandoned. *Id.* at 585. On January 6, 1996, plaintiffs presented their administrative claims. *Id.* The Fifth Circuit held that the claims for intentional infliction of emotional distress were time barred because the discrete events that could support the claim occurred over two years prior to filing the administrative claim. *Id.* at 590.

For reasons set forth above, it is recommended that plaintiffs' claim of intentional infliction of emotional distress be dismissed with prejudice for lack of subject matter jurisdiction due to the two year limitation contained in the FTCA. 28 U.S.C. § 2401(b).

**IV.**

Defendant's motion also asserts that this Court must dismiss plaintiffs' claim for defamation as the Government has not waived its sovereign immunity with respect to these types of claims and it is therefore not cognizable under the FTCA. Specifically defendants note that 28 U.S.C. § 2680(h) excepts from the waiver of sovereignty (or, stated another way, retains the

sovereignty) for claims of libel and slander, i.e. defamation claims. This position is supported by jurisprudence. *See Johnson v. Sawyer*, 47 F.3d 716, 737 (5th Cir. 1995) ("[W]hile Johnson may have stated a state law claim for defamation, that is exempted from the FTCA."); *Williams v. United States*, 71 F.3d 502, 507 (5th Cir. 1995) (affirming dismissal of a defamation claim on the grounds that the claim is not permissible under the FTCA).

Plaintiffs respond that they "hereby withdraw any reliance" on the claim.[3] For this reason and because we find defendant's position supported by the law, it is recommended that plaintiffs' claim of defamation be dismissed with prejudice as not being cognizable under the FTCA.

## V.

For the foregoing reasons,

IT IS RECOMMENDED defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Doc. 22] as to plaintiffs' claims of assault and battery, false arrest, abuse of process, intentional infliction of emotional distress, and defamation be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

---

[3] As previously noted, plaintiffs assert in their brief that they "will be filing a Motion for Leave to File an Amended Complaint to Remove all Reliance upon these claims." Again, since no amended complaint has been filed, this Court will dispose of the issue.

**ACCEPTED BY THE DISTRICT COURT.**

    THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on August 8, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE