RECEIVED

SEP - 8 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HUBERT P. VIDRINE, JR., ET AL. | CIVIL ACTION NO. 6:07-1204 |
| VERSUS | JUDGE DOHERTY |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KAY |

JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein and after an independent review of the record, and a *de novo* determination of the issues, and consideration of the objections filed herein, and having determined that the findings are correct under applicable law; it is

ORDERED that Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Rec. Doc. 22] be, and it is hereby GRANTED in its entirety.[1] [2]

---

[1] Additional support for the Magistrate Judge's recommendation plaintiff's claim of false arrest should be dismissed is found in Mapes v. Bishop, - - - F.3d - - -, 2008 WL 3877824 (5th Cir. 2008). (The Mapes decision issued subsequent to submission of the Magistrate Judge's Report and Recommendation and plaintiff's objections thereto.) The Court in Mapes specifically held:

> The 'statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.' Wallace v. Kato, --- U.S. ----, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). To the extent that Wallace conflicts with our decision in Brandley v. Keeshan, 64 F.3d 196 (5th Cir. 1995) (holding that a false arrest cause of action accrues when the criminal prosecution terminates in favor of the accused), Wallace abrogates Brandley.

Mapes at *1.

[2] With regard to plaintiff's claim for intentional infliction of emotional distress, as the Magistrate Judge correctly notes, the Court must look to federal law, rather than state law as plaintiff argues, to determine whether that claim is timely. [Rec. Doc. 45 at p.3] Johnston v. United States, 85 F.3d 217, 219 (5th Cir. 1996)("While substantive state law determines whether a cause of action exists [under the FTCA], federal law determines when that claim accrues."); Quinton v. United States, 304 F.2d 234, 239-40 (5th Cir. 1962)("If the plaintiff has a cause of action against the Government under state law, federal

law then controls as to whether the plaintiff has timely instituted his suit to recover on that cause of action.") "A cause of action accrues, under federal law, when the plaintiff knows or has reason to know of the injury which is the basis of the action. The plaintiff's knowledge of the injury depends on two elements: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." Brown v. Nationsbank Corp., 188 F.3d 579, 589 -590 (5th Cir. 1999).

    Plaintiff objects, in part, as follows:

    1. The Report of the Magistrate Judge appears to recommend dismissal of this claim solely on the basis that Plaintiffs' "complaint fails to allege a pattern of conduct or a continuous harm that could conceivably constitute a continuous tort," for the Report states that "Plaintiffs allege only two discrete events that occurred at definite certain times, neither of which are with [sic] the applicable limitation period," and cites the 5th Circuit case of *Brown v. Nations bank Corp* as being analogous. Report, at Section D, page 12.

    2. Section D of the Report, however, does not specify what the "only two discrete events" are that the Magistrate Judge found to be the only basis for this claim. . . .

    3. In contrast to those claims, however, The Report's conclusion that the intentional infliction of emotional distress is based upon only two discrete acts is not accurate, for Plaintiffs in fact rely upon all of the numerous actions constituting the pattern of tortious conduct and continuous harm to Mr. Vidrine (and thereby, to his wife) described in paragraphs 6 through 19 of the Complaint. Those 14 paragraphs reflect that Plaintiffs' claim for intentional infliction of emotional distress is not based on only two discrete events, but instead, upon a continuous course of tortious conduct which lasted for years, and caused a continuing and aggregating quantity of damages to the Plaintiffs for years, and only ultimately ceased on September 18, 2003.

[Rec. Doc. 50, pp. 7-8]

    A review of the cited portions of plaintiff's Complaint only reaffirms the Magistrate Judge's Recommendation. Plaintiff knew or had reason to know of the injury which forms the basis of his action on or about "September 5, 1996, with an initial accusatory confrontation in Mr. Vidrine's office, followed by a military-style raid on the Canal Refining Company by numerous armed officers carrying what appeared to be 9-mm handguns and M-16 rifles, and accompanied by police dogs." [Rec. Doc. 1, p.3] On that date, plaintiff knew (or should have known) of the existence of his injury (i.e. intentional infliction of emotional distress), and the connection between that injury and the defendant's actions. Thus, from what is before the Court, the claim began to toll on that date. (Even if this Court were to find plaintiff did not know of the existence of his injury until he was arrested and charged on December 14, 1999 [Id. at p. 4], his claim would still be untimely.) Plaintiff has failed to indicate any actions by defendants occurring after September 15, 2003, which would form a separate and independent cause of action for intentional infliction of emotional distress. Thus, the claim is untimely. The only events mentioned in plaintiff's complaint which occurred after September 15, 2003 were the government's filing of a motion to dismiss the indictment (on September 17, 2003), and the court's subsequent dismissal of the indictment (on September 18, 2003.) Plaintiff has failed to carry his burden of proof and show those two events were: (1) extreme and outrageous, (2) caused him emotional distress, and/or (3) that defendants knew or should have know their motion to dismiss the indictment would cause plaintiff severe emotional distress.

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 8 day of September, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE