# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| **HUBERT VIDRINE, ET AL.** | : | **DOCKET NO. 07-CV-01204** |
| **VERSUS** | : | **JUDGE DOHERTY** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

### I. Background

On August 28, 2008, plaintiffs filed a Motion to Compel the United States to produce documents concededly responsive to plaintiffs' requests for production but withheld by the government on the basis of objections and/or privilege. Doc. 54. Noting that defendant attached a privilege log to its answers to interrogatories, plaintiffs alleged that the log was "fatally defective" for the government's failure to supply the facts necessary to establish all elements of each claimed privilege.

At a hearing held the same date but on other matters, the court briefly addressed the issues raised in the Motion to Compel. Doc. 58. The court ordered defendant to amend its log to identify specifically documents it alleged to be protected by the various privileges asserted. Once the second log was completed and reviewed by the plaintiffs, and assuming plaintiffs continued to contest the privileges claimed, plaintiffs were ordered to amend their Motion to Compel.

In compliance with the court's order, defendant and plaintiffs took the steps necessary to bring the contested issues back to the court's attention. Plaintiffs filed an amended Motion to Compel on February 3, 2009. Doc. 65. Through the amended motion, plaintiffs renewed their

1

allegations that defendant failed adequately to respond to their requests for production, arguing only request numbers 7 and 15 had been answered. Plaintiff addressed six issues with regard to defendant's claims of privilege: Grand Jury secrecy,[1] the law enforcement privilege,[2] the confidential informant privilege,[3] the deliberative process claim,[4] the work product claim,[5] and the attorney-client claim.[6]

A. <u>The Confidential Informant Privilege</u>

On March 4, 2009, the court heard argument on plaintiffs' motion. At the outset of argument, counsel for plaintiffs asserted that some information provided by the government had been redacted. The government confirmed that certain "FBI 302s"[7] were redacted and alleged the redacted information pertained to confidential informants. Plaintiffs believe that some of the

---

[1] Matters occurring before a Grand Jury are protected from disclosure by Fed. R. Crim. P. 6(e)(2)(B).

[2] The law enforcement privilege protects documents related to an ongoing criminal investigation and lapses at the close of an investigation or after a reasonable period of time. *In re U.S. Dept. of Homeland Sec.*, 459 F.3d 565, 569-71 (5th Cir. 2006).

[3] The confidential informant privilege is a privilege held by the Government and allows it to withhold from disclosure the identity of confidential informants. *Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282, 283 (5th Cir. 1987)

[4] The governmental deliberative process privilege covers materials and discussions within the Executive Branch used in the formulation of an official position. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S. Ct. 1504, 44 L.Ed.2d 29 (1975)). Although claimed in its privilege log, the government did not address this privilege in its arguments before the court. The court finds that the privilege is intended to protect governmental policy making by agency heads and does not preclude discovery of documents related to a singular criminal investigation.

[5] Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. However, materials alleged to be work product are discoverable if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Courts have distinguished "absolute work product" from "qualified work product" as discussed *infra.*

[6] The attorney client privilege is a common law privilege "intended to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn v. U.S.*, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981). The attorney work product doctrine applies to documents prepared by or for an attorney in anticipation of litigation. *Dunn v. State Farm Fire and Cas. Co.*, 927 F.2d 869 (5th Cir. 1991).

[7] FBI 302s are witness interview memoranda created by the Federal Bureau of Investigation. Doc. 70-1, at 16. When a confidential informant is the source of the material contained within a memorandum, these documents are classified as "137s" or "270s" depending on whether a confidential informant was in a position to testify at a future date. Doc. 70-6, at 4 (Declaration of M.B. Kinder). The contested documents were identified with the "137" or "270" code.

information contained in the redacted portions of the FBI 302s pertained to Mike Franklin, alleged to be the government's chief witness against Vidrine in the underlying criminal case. Plaintiffs maintained that Mike Franklin would have testified against Vidrine in the underlying criminal case had the case not been dismissed. Plaintiffs asserted that Mike Franklin would have been required to reveal his relationship with the government had he been required to testify; therefore, plaintiffs argued defendant revealed Mike Franklin's identity as a confidential informant by identifying him as a principal witness and thus waived confidentiality by disclosure. Plaintiffs also argued that because the underlying criminal case had concluded, the privilege should no longer apply.

In response, the defendant agreed that Mike Franklin was identified as a government witness. However, the defendant denied ever having identified Mike Franklin as a confidential informant. Defendant argued that the confidential informant privilege is a distinct privilege separate from any other privilege. Defendant noted that the policy behind the privilege is to prevent retaliation against the informant or persons close to the informant. According to defendant the policy behind the privilege renders the protection absolute.

At the conclusion of argument, this court ordered defendant to produce the redacted information for an *in camera* inspection to determine whether the privilege applies and both counsel were invited to further brief the issue of policy considerations for an informant privilege versus plaintiff's need for the information sought.

B. <u>Privileges Identified in the Government's Privilege Log</u>

With respect to the information alleged to be protected by the various privileges asserted by the government in its privilege log, the court adopted as a tool the privilege log created by

3

defendants and color-coded by plaintiffs. Doc. 81-2. The court then addressed the discoverability of each of the color-coded items.

1. *Attorney Work Product and Attorney-Client Privilege*

With regard to plaintiff's request for production of items protected by the attorney-client privilege or work product of or for an attorney, the court did not find that the defendant waived the privilege or that under the circumstances of this case, plaintiff would otherwise be entitled to information alleged to be protected by this privilege.[8] Accordingly, the court denied plaintiffs' Motion to Compel with respect to production of items protected by the attorney-client privilege or work product of or for counsel for the government (color coded blue).

2. *Grand Jury Information*

With respect to documents claimed to be Grand Jury information thus protected (color coded green), the court ordered the documents to be produced for *in camera* inspection. We indicated at hearing that any Grand Jury information other than that previously ordered released by Judge Tucker Melançon in the underlying criminal case would be protected, thus the motion would be denied.[9]

3. *Investigative Work Product and Law Enforcement Privilege*

With respect to documents that the government claims to be protected from production as work product of the prosecuting agency and subject to a law enforcement privilege (color coded

---

[8] The court did not find that these materials were otherwise discoverable or that plaintiffs have substantial need for the materials to prepare its case given that the Federal Tort Claims Act prevents suit against the attorneys who prosecuted Vidrine.

[9] At the conclusion of the underlying criminal proceeding, Judge Melançon granted a motion filed by the government for disclosure of Grand Jury testimony. Specifically, Judge Melançon ordered all transcripts of grand-jury testimony be released to counsel of record in this civil matter. *United States of America v. Trinity Marine, et al.,* 6:99-cr-60053, Doc. 176. At the March 4 discovery hearing on plaintiffs' Motion to Compel, defendant maintained the documents claimed protected in this privilege log were related to a different Grand Jury and thus were protected.

purple), the court orders the Motion to Compel granted.[10] We also find that the documents the government claims protected from production as work product of the prosecuting agency (not subject to law enforcement privilege and color coded white) are not protected and grant the Motion to Compel.[11]

This court finds the case *Doubleday v. Ruh*, 149 F.R.D. 601 (E.D. Cal. 1993), relied on by both plaintiffs and defendant at various points in the litigation, to be analogous. In *Doubleday*, a suit for malicious prosecution, plaintiff alleged that sheriff's officers manipulated evidence and the deputy district attorneys in a criminal matter. The magistrate judge was asked to determine whether investigative materials and witness statements for the underlying criminal charge were protected work-product.

The court ordered the release of the material on several bases. First, the court found that the county and individual defendants were not parties to the previous litigation, the criminal suit, and thus had no standing to raise the privilege. The court then divided the work product consideration into two categories: qualified and absolute. It defined "qualified work product" as that which protects an attorney's factual investigations and defined "absolute work product" as that which includes an attorney's mental impressions and legal strategies. As the name implies, "absolute work product" is not discoverable. "Qualified work product" may be ordered produced when the asker shows substantial need and an inability to get materials elsewhere.

The court then held:

> [T]his case involves colorable allegations that the police officers involved here manipulated evidence and the district attorneys so

---

[10] See separate order issued this date.
[11] See separate order issued this date.

> that the plaintiff would be improperly prosecuted. *If such allegations are true, the best evidence of these improprieties would be the contemporaneous statements of the witnesses, especially those of the sheriff's officers involved.* While it is true that the sheriff's officers and other witnesses could be deposed, the passage of time and the present, potential bias of the defendants may color recollections such that what was said at the time cannot be accurately deciphered. In short, there is a substantial need for the contemporaneous information, and an undue hardship in attempting to reconstruct the information at this time.

*Doubleday*, 149 F.R.D. 607-08 (emphasis added).[12]

Despite defendant's argument that *Doubleday* is distinguishable this court finds now, as it did on March 4, 2009, that the material plaintiffs seek is discoverable regardless of the attorney-work product rule. Plaintiffs have demonstrated that the instant matter falls within the exception to the privilege, just as it did in *Doubleday*, in that the investigative materials and witness statements constitute the best evidence of what maliciousness, if any, permeated the prosecutorial process.

C. <u>Recharacterized Documents</u>

On April 29, 2009, plaintiffs filed a document entitled "Plaintiff's Objections to Defendant's Suggested Reclassification of Documents" [doc. 106] identifying 55 documents about which the government had not previously claimed an attorney-client privilege, but now claims privileged. Plaintiffs argue that the government should not be allowed to recharacterize

---

[12] Our decision and the decision in *Doubleday* are in line with the Fifth Circuit's *In re U.S. Dept. of Homeland Sec.*, 459 F.3d 565 (5th Cir. 2006). In *Homeland Security*, DHS petitioned for a writ of mandamus to prevent a district court order compelling disclosure of documents allegedly protected by the law enforcement privilege. The appeal court held that determining whether the law enforcement privilege should apply "is a 'particularistic and judgmental task' of balancing the 'need of the litigant who is seeking privileged investigative materials against the harm to the government if the privilege is lifted.'" The *Homeland Security* court held that the law enforcement privilege is bounded by relevance and time constraints and thus lapses after a reasonable period of time. *Id.* Here, Hubert Vidrine was indicted in the underlying criminal case in 1999 and this case was filed in 2007, more than a reasonable period in which this privilege should lapse.

the documents in this way. Plaintiffs also identify 23 other documents identified in the privilege log as protected by the attorney-client privilege. Plaintiffs argue that the claimed privilege is not supported on the face of the privilege log. Given the highly contentious nature of the ongoing discovery dispute in this matter, the court ordered that all 78 of these documents be produced to the court for an *in camera* inspection and determination of whether these documents are protected from disclosure by the attorney-client privilege.

**II. Ruling on Materials Submitted for *In Camera* Inspection**

    A. <u>Documents submitted for *in camera* inspection due to claimed attorney-client privilege</u>

The government submitted the following documents for an *in camera* inspection and determination of whether the attorney-client privilege is applicable:

> 1070; 1327-1329; 1330; 1383-1384; 1385; 1389; 1395-1396; 1397; 1407; 1478-1480; 1524-1525; 1535-1544; 1580; 1635-1637; 1672; 1581-1582; 1589-1590; 1737-1740; 1856-1857; 2222; 2223-2235; 2236-2237; 2238-42; 2596-2696; 2970-2971; 3162; 3359-3363; 3777-3778; 3788; 3791; 3793-3794; 3821; 4029-4031; 4080-4082; 4102-4110; 4130-4132; 4137-4138; 4148-4153; 4159; 4161-4163; 4217; 4248-4249; 4260-4261; 4312-4314; 4324-4326; 4473-4482; 4500-4501; 4507-4508; 4516-4517; 4525-4529; 4531; 4532-4534; 4535-4537; 4538; 4541-4543; 4544-4545; 4561; 4562; 4584-4586; 4587-4595; 4596-4597; 4610-4613; 4622-4623; 4649-4652; 4674; 4677-4680; 4684-4687; 4716-4717; 4887-4891; 4901-4902; 5068-5074; 5078-5080; 5085-5086; 5097-5105; 5148; 5180-5182; 5326-5333; 5337-5342

The court has reviewed these documents in detail and has divided them into three categories: documents privileged *in toto*, documents to be redacted, and documents not subject to the attorney-client privilege.

The court finds that the following documents are privileged *in toto* and thus not subject to production:

>       1070; 1327-1329; 1330; 1383-1384; 1385; 1389; 1395-1396; 1397;
>       1407; 1478-1480; 1524-1525; 1535-1544; 1580; 1635-1637; 1672;
>       1581-1582; 1589-1590; 1737-1740; 1856-1857; 2222; 2223-2235;
>       2236-2237; 2238-42; 2596-2696; 2970-2971; 3162; 3359-3363; 3788;
>       3821; 4029-4031; 4080-4082; 4102-4110; 4148-4153; 4159; 4248-
>       4249; 4260-4261; 4473-4482; 4538; 4587-4595; 4596-4597; 4610-
>       4613; 4622-4623; 4649-4652; 4674; 4677-4680; 4684-4687; 4716-
>       4717; 4887-4891; 4901-4902; 5097-5105; 5333; 5338[13]

The court finds that the following documents are producible but do contain certain portions that would be privileged. The court has highlighted the portions it finds privileged and orders defendant to produce them once the highlighted portions have been redacted:

>       3777-3778; 3791; 3793-3794; 4137-4138; 4312-4314; 4324-4326;
>       4500-4501; 4507-4508; 4516-4517; 4525-4529; 4531; 4532-4534;
>       4535-4537; 4541-4543; 4544-4545; 4561; 4584-4586; 5068-5074;
>       5078-5080; 5180-5182

Finally, the court finds the following documents should be produced without redaction because they are not subject to an attorney-client privilege:

>       4130-4132; 4161-4163; 4217; 4562; 5085-5086; 5148; 5326-5332;
>       5337; 5339-5342

   B. <u>Documents submitted for *in camera* inspection for determination of whether they are protected by the confidential informant privilege</u>

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282, 283 (5th Cir. 1987) (citing *Roviaro v. United States,* 353 U.S. 53, 59, 77 S. Ct. 623, 627, 1 L. Ed. 2d 639 (1957)). "The government may invoke this privilege 'as a right' and 'need not make a threshold showing of likely reprisal or retaliation

---

[13] With regard to the last two documents found to be protected, 5333 and 5338, these documents were submitted as part of a group. The remaining bates numbered pages are not protected and are ordered produced.

against the informant in order to assert the privilege.'" *In re Kleberg County, Tex.*, 86 Fed. Appx. 29, 32 (5th Cir. 2004) (quoting *United States v. Valles,* 41 F.3d 355, 358 (7th Cir. 1994)).

The privilege most often arises in criminal cases, but also applies in civil cases. *Brock*, 811 F.2d at 283. "In civil cases, the privilege is stronger because many of the constitutional rights guaranteed to criminal defendants, which in criminal trials militate in favor of disclosure, do not apply." *In re Kleberg County, Tex.*, 86 Fed. Appx. at 32 (citing *Matter of Search of 1638 E. 2nd Street*, 993 F.2d 773, 774-75 (10th Cir. 1993); *Dole v. Local 1942, Int'l Bhd. of Elec. Workers*, 870 F.2d 368, 372 (7th Cir. 1989)).

In civil cases, the privilege does not apply in two instances. The privilege does not apply when the disclosure sought will not tend to reveal the identity of the informant. *Roviaro*, 353 U.S. at 60, 77 S. Ct. at 627, 1 L. Ed. 2d 639. Additionally, the privilege does not apply when the informant's identity has already been disclosed. *Id.*

The court finds that plaintiffs have not shown that the government waived its confidential informant privilege through identification of any confidential informant. Plaintiff alleges that Mike Franklin confidentially supplied the FBI with information related to the prosecution of plaintiff Hubert Vidrine and that because he was identified as a government witness, the government waived any claim that he was a confidential informant subject to the privilege. The court observes, however, that Mike Franklin never testified against Vidrine and that, although Franklin was identified as a witness, he was never identified by the government as a confidential informant.

Further, on comparison of the redacted portions of the FBI 302s[14] previously supplied to plaintiffs and the unredacted copies submitted to the court for *in camera* inspection, the court finds that the redacted information would tend to allow a knowledgeable person to identify the person or persons, the identity of whom is protected by the privilege.

Accordingly, the court finds that plaintiffs should be denied access to unredacted FBI 302s.

      C. <u>Documents submitted for *in camera* inspection for a determination of whether they are Grand Jury documents ordered produced by Judge Melançon</u>

Finally, the court observes that the Grand Jury documents related to the 1999 Grand Jury on the government's case against Hubert Vidrine were ordered produced by Judge Melançon. The Grand Jury documents submitted for *in camera* inspection came from the file of defendant, the government, and are dated in 1995 and 1996. Having reviewed these documents, it is evident that they are not documents related to the Grand Jury on the government's case against Hubert Vidrine. For this reason, these documents were not ordered produced by Judge Melançon and so remain protected from discovery. Thus, plaintiffs are not entitled to these documents.

**III. Deadlines for Compliance with the Court's Order of Production**

Defendant IS ORDERED to produce the items identified in this ruling as producible within thirty days of service of this order.

Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(a), a party may object to the findings of a magistrate's order on the grounds that it is clearly erroneous or contrary to law within 10

---

[14] See footnote 7, *supra*.

days of service. Should either party appeal this order of production, the time for production will be stayed pending resolution by the district judge.

**IV. Deadlines Regarding Defendant's Motion for Summary Judgment**

It is FURTHER ORDERED that defendant is to file an amended Motion for Summary Judgment thirty days following production of any and all documents ordered to be produced by the court. Plaintiffs must then file any opposition within thirty days of the date of defendant's filing. Defendant must then file any reply within fifteen days of plaintiffs' filing.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 19th day of June, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE