RECEIVED

MAY 1 8 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| HUBERT P. VIDRINE, JR., ET AL. | CASE NO. 6:07-CV-1204 |
| VERSUS | JUDGE DOHERTY |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KAY |

### RULING ON APPEAL

Currently pending before the Court is an Appeal by plaintiffs from an order issued by the Magistrate Judge, requiring plaintiffs to pay to defendant costs in the amount of $3,482.50, associated with defendant's motion to compel. [Doc. 112] Plaintiffs argue "the Magistrate Judge's Order was clearly erroneous and contrary to law because Plaintiffs' opposition to the Motion to Compel was clearly and directly supported by statutory and case precedent." [Doc.113, p.5] Defendant originally opposed the appeal. However, on May 13, 2010, the Court was contacted by counsel for defendant, Sandra Guitierrez, who advised defendant wished to withdraw its opposition to plaintiff's appeal. For the following reasons, the Order of the Magistrate Judge is REVERSED.

With some exceptions inapplicable for purposes of this motion, a magistrate judge may hear and determine any pre-trial matter pending before a district court. 28 U.S.C. §636(b)(1). Federal law affords the magistrate judge broad discretion in the resolution non-dispositive matters. *See* Fed. R. Civ. P. 72(a). With regard to a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision demonstrates that the magistrate judge's determination was clearly erroneous or contrary to law. Id.; *Castillo v. Frank*, 70 F. 3d, 382, 385-86 (5th Cir. 1995).

When a motion to compel is granted, generally the movant is entitled to "reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5) However, "the court must not order this payment if ... the opposing party's nondisclosure, response, or objection was substantially justified...." *Id.* at (ii).

> On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court. But the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery.

*Id.* at advisory committee notes (1970 Amendment).

Following a review of the briefing before this Court, and being ever cognizant of the magistrate judge's unique perspective and involvement in discovery matters, after review of the briefing to the court, the transcript of the hearing on the motion to compel, *and noting defendant's having given notice to the Magistrate Judge of its waiver of its opposition to the Appeal*, the Court finds "the dispute over the discovery between the parties [was] genuine," and accordingly, plaintiff's objections to the motion to compel were substantially justified.[1]

For the foregoing reasons, the Order of the Magistrate Judge is REVERSED.

THUS DONE AND SIGNED this __18__ day of May, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] In particular, the Court refers the reader to that portion of plaintiff's briefing setting forth the jurisprudential basis for plaintiffs' objections to the disputed discovery. [Doc. 82, pp. 4-10]

2